NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HENRY V. VARGAS<br><br>               Plaintiff,<br><br>v.<br><br>ROBERT MEEHAN, ET AL.<br><br>              Defendants. | Civil Action No. 2:11-cv-2833-CCC-JAD<br><br>OPINION |

**CECCHI, District Judge.**

**I.      INTRODUCTION**

This matter comes before the Court on the motion of Defendants Robert Meehan, Jeff Camiscoli, Officer Drelic, Kevin Amos and Robert Andrezzi (collectively, "Defendants") to dismiss Plaintiff's Complaint.[1] (Docket Entry No. 14). Plaintiff Henry Vargas ("Plaintiff") opposed Defendants' motion and filed a cross-motion for leave to amend his Complaint. (Docket Entry No. 16). The Court's jurisdiction in this matter is premised on 42 U.S.C. § 1983. The Court has considered the submissions made in support of and in opposition to the instant

---

[1] Defendants' motion is styled as a motion for judgment on the pleadings "pursuant to Federal Rule of Civil Procedure 12(b)(6)." Because Rule 12(b)(6) governs motions to dismiss, the Court construes Defendants' application as a such. In any event, the same legal standard applies to both a motion for judgment on the pleadings and a motion to dismiss pursuant to Rule 12(b)(6). Revell v. Port Auth. of New York, New Jersey, 598 F.3d 128, 134 (3d Cir. 2010) (citing Turbe v. Gov't of the V.I., 938 F.2d 427, 428 (3d Cir.1991) ("A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion").

motions.[2] This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. Based on the reasons that follow, Defendants' motion to dismiss is denied, and Plaintiff's motion to amend is granted.

## II.   BACKGROUND

On or about May 18, 2011, Plaintiff filed a Complaint with this Court seeking redress for alleged violations of his federal and state constitutional rights by Defendants Robert Meehan, Jeff Camiscioli, Officer Drelic, Kevin Amos and Robert Andrezzi. All of the named defendants are police officers in the City of Garfield, New Jersey. In his Complaint, Plaintiff alleges that he was subjected to several instances of unlawful arrest, search and seizure, and police stops. Plaintiff contends that these events violated his constitutional rights and demonstrate a pattern of harassment by Defendants.

The following recitation of facts is taken from Plaintiff's Complaint. In May 2007, after a lengthy investigation by the Passaic County Prosecutor's office, Plaintiff was arrested on charges of possession of marijuana in the second degree. (Compl. ¶ 7). A search warrant was issued for Plaintiff's apartment in Elmwood Park, New Jersey and Plaintiff subsequently pled guilty on the charges levied in connection with the May 2007 arrest. (Id. ¶¶ 10-11). Just prior to his arrest, Plaintiff shared his Elmwood Park apartment with Mark Amos, son of Defendant Kevin Amos, the chief of the Garfield police department. (Id. ¶¶ 6, 9). Plaintiff asserts that the search warrant issued for the Elmwood Park apartment made no mention of Mark Amos and that Mark Amos was never arrested for marijuana possession, despite his inclusion in a related

---

[2] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. Of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

investigational report prepared by the Elmwood Park police department. (Id. ¶¶ 7, 10). Plaintiff alleges that, subsequent to his May 2007 arrest, certain Garfield police officers "began a course of harassment, intimidation and retaliation directed at Plaintiff." (Id. ¶ 12). Plaintiff asserts that this conduct was "directed by Defendant Amos in an effort to intimidate Plaintiff into keeping quiet about his son PO Mark Amos." (Id. ¶ 28).

In his Complaint, Plaintiff identifies two arrests which he claims give rise to violations of his constitutional rights. The first arrest occurred on September 28, 2007, when Plaintiff was arrested by Defendant Camiscoli for resisting arrest. (Id. ¶¶ 15-16). The second arrest took place on June 28, 2008, when Plaintiff was arrested for aggravated assault by Defendant Meehan. (Id. ¶¶ 23-26). In addition, Plaintiff asserts that he was subjected to illegal traffic stops and searches "[o]n many occasions in 2007 and 2008." (Id. ¶ 19). Plaintiff specifically describes only one such stop however, which took place in May 2008 by Defendant Meehan. (Id. ¶ 22). Plaintiff further alleges that he surreptitiously recorded unnamed Garfield police officers commenting on the incidents described in the Complaint. (Id. ¶ 29). According to Plaintiff, the recorded officers acknowledged that Plaintiff was arrested and/or stopped based on fabricated charges because of his affiliation with Mark Amos. (Id.) Plaintiff contends that his attorney brought the recordings to the attention of the Bergen County Prosecutor's Office, "which failed to present the exculpatory evidence to the Grand Jury." (Id. ¶ 30).[3]

Based on the foregoing incidents, Plaintiff claims that Defendants violated his civil rights arising under the federal and New Jersey constitutions. Plaintiff's Complaint asserts seven causes of action in that regard. Count One asserts that the search of Plaintiff's vehicle and his

---

[3] Plaintiff's Complaint does not further describe the Grand Jury proceedings. The Complaint names a John Doe defendant, described as an Assistant Bergen County Prosecutor, in connection with the failure to present evidence to the grand jury.

arrest on September 28, 2007 violated Plaintiff's civil rights under 42 U.S.C. § 1983. Count Two asserts that Plaintiff's arrest on June 30, 2008 likewise violated Section 1983. Count Three alleges harassment based on traffic stops and threats, in violation of Section 1983. Counts Four, Five and Six claim that the aforementioned conduct violates the New Jersey Constitution, giving rise to claims under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, *et seq.* Counts Seven and Eight allege that a John Doe defendant, identified as an Assistant Bergen County Prosecutor, failed to present the exculpatory transcripts of Plaintiff's conversations with Defendant Meehan to the grand jury, in violation of Section 1983 and the New Jersey Civil Rights Act. Lastly, Count Nine alleges that Defendants conspired to deprive him of his federal and state constitutional rights, in violation of 42 U.S.C. § 1985.

Defendants now move to dismiss Plaintiff's Complaint, asserting that it was not filed within the governing two-year statute of limitations. Plaintiff opposed Defendants' motion and has also filed a motion for leave to amend his Complaint.

### III. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor

4

does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S. Ct. at 1949.

Motions to amend the pleadings are governed by Federal Rule of Civil Procedure 15. Rule 15(a)(1)(B) applies to Plaintiff's motion to amend, given the procedural history of this matter. Under that provision "… a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)(B). The decision to grant leave to amend is left within the discretion of the district court. Toll Bros., Inc. v. Township of Readington, 555 F.3d 131, 144 n. 10 (3d Cir.2009); Coventry v. U.S. Steel Corp., 856 F.2d 514, 518–521 (3d. Cir.1988)). The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities. Dole v. Arco Chemical Co., 921 F.2d 484, 487 (3d Cir.1990); Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir.1989). Thus, an amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

IV. **DISCUSSION**

Defendants move to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted. Defendants contend that Plaintiff's claims are time-barred under the governing two-year statute of limitations.[4] In support of their motion, Defendants highlight that the incidents described in Plaintiff's Complaint all

---

[4] The parties do not dispute that a two-year statute of limitations governs Plaintiff's claims. (See Pl. Br. in Support of Mot. to Amend 1).

occurred in 2007 and 2008. As Plaintiff's Complaint was not filed until May 18, 2011, Defendants assert that this action must be dismissed with prejudice.

Plaintiff opposed Defendants' motion and has sought leave to file an amended complaint to clarify that this action was instituted within the two-year limitations period. In sum and substance, Plaintiff requests leave of court to amend the pleadings to demonstrate that Defendants' engaged in additional alleged wrongful conduct in 2009, rendering the Complaint timely. Specifically, Plaintiff seeks to assert additional allegations regarding Defendants' conversations with the Bergen County Prosecutor's Office, Defendants' continued harassment of Plaintiff, and the false presentation of testimony to the grand jury in 2008. Plaintiff further asserts that he cannot adequately respond to Defendants' statute of limitations argument until he conducts discovery. Lastly, Plaintiff contends that Defendants' actions were part of a "continuing violation" of Plaintiff's federal and state constitutional rights.[5]

Given the liberal standard governing motions to amend, the Court exercises its discretion to allow Plaintiff the opportunity to file an Amended Complaint (in the form annexed to its moving papers) which sets forth allegations of purportedly wrongful conduct occurring in 2009. At this early stage of the litigation, where discovery is ongoing, the Court finds it appropriate to allow Plaintiff to amend the pleadings to clarify his allegations. In so doing, the Court does not opine as to whether Plaintiff's claims would survive a motion for summary judgment once discovery is complete. Rather, the Court merely finds that, at this stage, Plaintiff should be granted leave to amend his pleading.

---

[5] The Court takes no position by way of this Opinion regarding the applicability of the continuing violations doctrine.

Because Plaintiff has been granted leave to file his Amended Complaint, Defendants' motion to dismiss is denied without prejudice. Defendants may renew their arguments by way of a dispositive motion once discovery is complete.

## V. **CONCLUSION**

Based on the reasons set forth above, Plaintiff's motion to amend is granted and Defendants' motion to dismiss is denied without prejudice.

An appropriate Order accompanies this Opinion.

                                                                                  _____
                                                                                  CLAIRE C. CECCHI, U.S.D.J.